UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUSSELL LEBARRON, | Case No. 2:19-CV-1739 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| INTERSTATE GROUP, LLC, | |
| Defendant(s). | |

Presently before the court is defendant Interstate Group LLC's ("defendant") motion to dismiss plaintiff Russell LeBarron's ("plaintiff") fourth claim. (ECF No. 41). Plaintiff filed a response (ECF No. 42), to which defendant replied (ECF No. 47).

Also before the court is plaintiff's motion to dismiss defendant's counterclaim. (ECF No. 20). Defendant filed a response (ECF No. 30), to which plaintiff replied (ECF No. 31).

**I.    Background**

The instant action arises from alleged discrimination plaintiff suffered while employed by defendant. (ECF. No 36). Plaintiff was hired on or about May 11, 2012, and maintained his employment through February 15, 2018. *Id.* at 3. On or about January 30, 2018, plaintiff entered a supervised rehabilitation program to undergo treatment for addiction. *Id.* From that date until March 6, 2018, plaintiff continued in his supervised rehabilitation treatment. *Id.* During his treatment, defendant canceled his insurance coverage and terminated his employment. *Id.* Subsequently, plaintiff filed a charge with the EEOC regarding possible retaliation in violation of the ADA. *Id.* at Ex. 1. He later received a notice to sue and timely filed three claims regarding his termination. *Id.* at Ex. 2; (*See also* ECF No, 1). On April 1, 2020, plaintiff amended his complaint. (ECF. No. 36).

**James C. Mahan**
**U.S. District Judge**

Plaintiff also brings a fourth claim, alleging that defendant caused him "severe emotional distress" during his employment by negligently supervising, training, and hiring individuals "with a propensity towards committing unlawful acts against [p]laintiff." *Id.* at 8. Plaintiff states little else in support of this claim beyond a rote recitation that defendant had a duty, breached that duty, caused injury, and is now liable for damages. *Id.*

Defendants now bring a motion to dismiss this fourth claim. (ECF No. 41). Defendant also brings a counterclaim, which it amended when filing an answer to plaintiff's amended complaint, alleging conversion and civil theft against plaintiff. (ECF Nos. 9; 40). Defendant contends that over the course of his employment, plaintiff stole $7,014.36 worth of products and resold those products on various internet sites. (ECF No. 40 at 6.)

Plaintiff now moves to dismiss this counterclaim. (ECF No. 20).

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.   Discussion

   *A.   Defendant's motion to dismiss*

Defendant argues that plaintiff's fourth cause of action should be dismissed because it fails to state a claim upon which relief may be granted. (ECF No. 41 at 1–2). Plaintiff responds by positing that employment discrimination actions "need only satisfy the simple notice pleading requirements of the Federal Rules of Civil Procedure and are not subject to a heightened pleading standard." (ECF No. 42 at 3).

Plaintiff correctly contends that the claim need not meet any heightened pleading standard. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513–514 (2002). Nevertheless, the claim must still meet the minimum standard of providing "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. If the

**James C. Mahan**
**U.S. District Judge**

complaint fails to provide defendant with fair notice of the claim or the grounds upon which it rests, dismissal is appropriate. *See Twombly*, 550 U.S. at 555.

In the instant complaint, plaintiff fails to provide anything more than a recitation of the elements of negligence. Although plaintiff alleges that defendant had a duty and violated that duty, he does not provide sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff's recitation of the elements of common law negligence does not provide any sort of factual information nudging plaintiff's claim from "conceivable to possible." *Twombly*, 550 U.S. at 570. Indeed, the court cannot determine whether the claim is grounded in fact at all when the extent of the information provided is a recitation of the elements of negligence. (ECF No. 36 at 8). Furthermore, there is no notice of the grounds upon which the claim rests. The complaint, on its face, gives no indication as to what conduct it challenges, and defendants are left to speculate as to what actions or omissions plaintiff found objectionable. Thus, the court grants defendant's motion to dismiss plaintiff's fourth claim.[1]

The court now considers whether to dismiss plaintiff's claim with or without prejudice. The Supreme Court has held that "inartfully pleaded" claims should not be dismissed under Rule 12(b)(6) unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While plaintiff's claim is currently insufficient, an amendment could conceivably correct the deficiencies by providing something more than conclusions of law. Therefore, plaintiff's claim is dismissed without prejudice.

. . .

---

[1] While the parties fail to brief the issue, the court notes that plaintiff's initial charge may not have been timely filed. Statute requires that an aggrieved party file any discrimination charge to the EEOC within 180 days of the alleged conduct, or within 300 days if first filed with a state agency. 42 U.S.C. § 2000e-5(e)(1). Plaintiff's amended complaint makes no mention of when or to whom the charge was initially filed outside of a cursory statement that it was timely. (ECF No. 36 at 2). He does provide the amended charge of discrimination, filed with the EEOC on October 10, 2018, but this date falls well outside the statutory limitation for filing first with a federal agency. *Id.* While this may present a challenge to jurisdiction, the court declines to address the issue *sua sponte*.

**James C. Mahan**
**U.S. District Judge**

   **B. Plaintiff's motion to dismiss**

   Similarly, plaintiff urges the court to dismiss defendant's counterclaim for a failure to state a claim upon which relief may be granted. (ECF No. 20). Defendant responds by contending that no technical form is required of a pleading so long as it satisfies Rule 8. (ECF No. 30 at 2).

   Amended pleadings supersede the original pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Consequently, filing an amended complaint will ordinarily moot a pending motion to dismiss the original complaint. *See, e.g.*, *MMG Ins. Co. v. Podiatry Ins. Co. of Am.*, 263 F. Supp. 3d 327, 331 (D. Me. 2017) ("Typically, this amendment would render the pending motion to dismiss moot."); *Oliver v. Alcoa, Inc.*, No. C16-0741JLR, 2016 WL 4734310, at *2 (W.D. Wash. Sept. 12, 2016); *Williamson v. Sacramento Mortgage, Inc.*, No. CIV. S-10-2600 KJM, 2011 WL 4591098, at *1 (E.D. Cal. Sept. 30, 2011), *as amended* (Oct. 11, 2011).

   However, there is an exception to the general rule. When the amended complaint is substantially identical to the original complaint, the court can adjudicate the pending motion to dismiss as it pertains to the amended complaint. *Mata-Cuellar v. Tennessee Dep't of Safety*, No. 3:10-0619, 2010 WL 3122635, at *2 (M.D. Tenn. Aug. 6, 2010). As Judge Woodcock in the United States District Court for the District of Maine explained:

   > It would be futile to dismiss [defendants'] motion without prejudice, only to have [defendants] refile another motion to dismiss with effectively the same arguments. As the later amendment of the [c]omplaint does not affect the substance of the pending motion to dismiss, the [c]ourt considers the [a]mended [c]omplaint as the operative complaint for purposes of the motion.

   *MMG Ins. Co.*, 263 F. Supp. 3d at 331.

   In the instant case, plaintiff filed an initial complaint, leading to an answer and counterclaim from defendant. (ECF Nos. 1; 9). Plaintiff then filed a motion to dismiss defendant's counterclaim. (ECF No. 20). Subsequently, plaintiff also filed an amended complaint, and defendant responded with an amended answer and counterclaim. (ECF. Nos. 36; 40). Plaintiff filed his motion to dismiss in response to defendant's initial counterclaim, not the amended counterclaim. (ECF No. 20). Thus, by default, the amended pleading will moot the

James C. Mahan
U.S. District Judge

- 5 -

1  pending motion unless it is substantially identical to the original pleading.  *See*, *MMG Ins.*, 263
2  F. Supp. 3d at 331; *Mata-Cuellar*, 2010 WL 3122635, at *2.
3      Defendant's amended counterclaim admittedly follows the same general contours as the
4  initial counterclaim.  (*Compare* ECF No. 9 at 7–8, *with* ECF No. 40 at 6–7).  However, the later
5  amendment to the answer affected the substance of the counterclaim.  *Id.*  Defendant's amended
6  counterclaim contains several new factual allegations and a new statutory cause of action, both
7  of which go to the heart of plaintiff's motion to dismiss.  (*See* ECF Nos. 20; 40).  The court
8  denies plaintiff's motion to dismiss as moot and without prejudice to file a new motion to
9  dismiss regarding the amended counterclaim.

10  **IV.    Conclusion**
11      Accordingly,
12      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to
13  dismiss (ECF No. 41) be, and the same hereby is, GRANTED.
14      IT IS FURTHER ORDERED that plaintiff's fourth cause of action (ECF No. 36) be, and
15  the same hereby is, DISMISSED without prejudice.
16      IT IS FURTHER ORDERED that plaintiff's motion to dismiss (ECF No. 20) be, and the
17  same hereby is, DENIED as moot.
18      DATED May 22, 2020.

                                                  UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**