**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RUSSELL LEBARRON, | Case No. 2:19-cv-01739-JCM-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| INTERSTATE GROUP, LLC, | |
| Defendant. | |

Presently before the Court is Plaintiff Russell LeBarron's ("LeBarron") Motion for Leave to File Second Amended Complaint (ECF No. 54), filed on June 5, 2020. Defendant Interstate Group, LLC ("Interstate") filed a Response (ECF No. 55) on June 19, 2020, and LeBarron filed a Reply (ECF No. 56) on June 26, 2020. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

The parties are familiar with the facts of this case and the Court will not repeat them here except as necessary. LeBarron seeks to amend its complaint, for a second time, to address Judge Mahan's Order dismissing his fourth cause of action without prejudice. (ECF No. 54). Specifically, he adds further factual background regarding his claim for negligent hiring, training, and supervision. In response, Interstate claims that LeBarron does not meet the standard to amend as that deadline has passed and he has not corrected the deficiencies identified by Judge Mahan, but rather, he has only provided conclusions of law in support of his fourth cause of action so amendment would be futile. (ECF No. 55). LeBarron replies that he meets the standard permitting amendment given the timing of the Order dismissing without prejudice his fourth cause of action and highlights the specific factual allegations that permit his claim to survive a motion to dismiss. (ECF No. 56). As such, LeBarron argues that amendment is not futile and should be permitted under these circumstances.

## II. ANALYSIS

Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id*. at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must also show good cause to reopen the amendment period and excusable neglect for the delay. *See* Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); *see also* Fed. R. Civ. P. 16(b)(4). In evaluating excusable neglect, the court weighs: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)). The weight assigned to these factors is left to the court's discretion. *Id.* When a court can "conceive of facts that would render plaintiff's claim viable," or "it appears at all possible that the plaintiff can correct the defect," an amendment should not be found futile. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (internal quotation marks and citations omitted).

As Plaintiff filed the instant motion after the expiration of the March 3, 2020 deadline to amend the pleadings, it falls under Rule 16. (ECF No. 15). The Court finds that LeBarron should be permitted to amend his complaint as requested. Amendment at this stage would be neither

extraordinarily disruptive nor prejudicial to Interstate. There is no apparent delay as the motion to amend was filed shortly after Judge Mahan's Order dismissing without prejudice the claim at issue. (ECF No. 48). Although Defendant is correct that the parties most recently submitted a stipulation to extend discovery deadlines and did not include the deadline to amend pleadings in their request (ECF No. 49), the Court finds this alone is insufficient to deny Plaintiff's request. Indeed, the passage of time is not reason enough to preclude amendment. *See, e.g., Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party.")

Also, Interstate has not shown that LeBarron's proposed amendment is futile. The amendment merely adds new factual allegations to address Judge Mahan's Order of dismissal without prejudice. (ECF No. 48). Given that Judge Mahan dismissed without prejudice and noted Plaintiff failed to provide sufficient factual matter to state the claim at issue, the Court will grant LeBarron's Motion (ECF No. 48).

### III.   CONCLUSION

IT IS HEREBY ORDERED that Plaintiff Russell LeBarron's Motion for Leave to File Second Amended Complaint (ECF No. 54) is **granted**.

IT IS FURTHER ORDERED that Plaintiff shall file and serve the amended pleading in accordance with Local Rule 15-1.

DATED: June 29, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE