1
2
3
4                   UNITED STATES DISTRICT COURT
5                        DISTRICT OF NEVADA
6                              * * *
7   RUSSELL LEBARRON,                    Case No. 2:19-CV-1739 JCM (DJA)
8                     Plaintiff(s),                ORDER
9         v.
10  INTERSTATE GROUP, LLC,
11                    Defendant(s).
12
13        Presently before the court is counter-defendant Russell LeBarron's motion to dismiss
14  Interstate Group, LLC's ("Interstate") counterclaim for civil theft and conversion.  (ECF No.
15  69).  Interstate responded in opposition (ECF No. 75) to which LeBarron replied (ECF No.
16  76).
17  I.      BACKGROUND
18        Interstate manufactures enclosed cargo trailers and parts and sells them at its
19  TrailersPlus store in Las Vegas.  In May 2012, it hired LeBarron to be a salesman.  (Second
20  Am. Compl., ECF No. 58 ¶ 15).  He alleges that the company violated the ADA and ERISA
21  when it terminated him in February 2018 while he was in a detox and rehabilitation program
22  for a prescription drug addiction.  (*Id.* ¶¶ 30–63).  Interstate counterclaims for civil theft and
23  conversion.  (Second Am. Countercl., ECF No. 63).  The company alleges the following:
24        About two weeks before LeBarron was terminated, his direct supervisor and store
25  manager Wes Smith and co-worker Cesar Fernandez discovered ads on Craigslist and Let-Go
26  advertising trailer accessories, parts, and locks.  (*Id.* ¶ 8).  When Smith confronted LeBarron,
27  he first denied that his phone number was listed in the ads.  (*Id.*).  He then started "crying and
28  promised not to steal any more locks" from the store.  (*Id.*).  LeBarron "brought back one

**James C. Mahan**
**U.S. District Judge**

coupler lock and two hockey pucks." (*Id.*).  Smith alerted upper management of LeBarron's theft only after he was terminated.  (*Id.* ¶ 9).  To date, it believes he stole and converted about $7,014.36 in "locks and other trailer accessories and parts[,] including tires."  (*Id.* ¶¶ 3, 6).

LeBarron now moves to dismiss Interstate's counterclaim, arguing that it is a permissive counterclaim over which the court lacks independent subject matter jurisdiction. (ECF No. 69).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 13 distinguishes between compulsory and permissive counterclaims.  If a party fails to plead compulsory counterclaims, it is "precluded by res judicata from ever suing upon them again."  *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960).   A counterclaim is compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and is not subject to an exception in Rule 13.   Fed. R. Civ. P. 13(a).   The court may exercise supplemental jurisdiction over compulsory counterclaims.   28 U.S.C. § 1367(a); *see also Miller v. 4Internet, LLC*, 471 F. Supp. 3d 1085, 1093 n.70 (D. Nev. 2020) (discussing supplemental jurisdiction and compulsory counterclaims).

Courts in the Ninth Circuit use a "logical relationship" test to decide whether a counterclaim arises out of the same transaction or occurrence as an initial claim.  *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987).   A logical relationship exists when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant."  *Mattel*, 705 F.3d at 1110 (internal citation omitted).  In other words, there must be "a substantial overlap between the facts."   *Cohn v. Ritz Transp., Inc.*, No. 2:11-cv-1832-JCM-RJJ, 2012 WL 600819, at *1 (D. Nev. Feb. 23, 2012).   The court liberally considers whether "judicial economy and fairness" counsel toward resolving all the given claims in one case.  *Pochiro*, 827 F.2d at 1249.

James C. Mahan
U.S. District Judge

- 2 -

1    III.    **DISCUSSION**

2          LeBarron claims that Interstate's civil theft and conversion counterclaim is permissive

3    and thus the court needs but does not have independent subject matter jurisdiction over it.[1]

4    (ECF No. 69 at 4).  He is suing Interstate for violating ADA and ERISA which "concern

5    entirely different allegations, factual circumstances, and issues of law" than "Interstate's

6    accusation of theft." (*Id.* (internal quotation marks omitted)).  The court disagrees.

7          However, the transaction or occurrence here can be broadly construed as arising out

8    of LeBarron's employment relationship with Interstate.  (*See* ECF No. 75 at 5 (discussing

9    *Halloum v. Intel Corp.*, No. cv-02-2245-PHXWS, 2003 WL 27384270, at *2 (D. Ariz. Nov.

10   7, 2003) ("The counterclaim is premised on conduct within the employment relationship, as

11   is plaintiff's complaint.")).

12         Interstate asserts the affirmative defense of after-acquired evidence.  (ECF No. 83).

13   The company claims that if it knew of LeBarron's thievery, he would have been terminated

14   immediately which now limits or bars recovery on his claims.  (*Id.*). There is a substantial

15   overlap of facts between its affirmative defense and counterclaim. *Accord Stewart*, 2004 WL

16   90078, at *3 ("To prove their Title VII defense, Defendants will rely on the same essential

17   facts and proof that support their counterclaims. Specifically, Defendants' counterclaims of

18   fraud, unjust enrichment, and breach of duty of loyalty are premised on allegations that Kelly

19   Stewart routinely falsified mileage reports and time reports, and that her husband regularly

20   performed her job functions on her behalf.").

21         Furthermore, the court allowed LeBarron to amend his ADA retaliation claim to

22   assert that Interstate's counterclaim is retaliatory. (Second Am. Compl., ECF No. 58 ¶ 59;

23   Order ECF No. 35).  It would now be incongruous to say that there is no logical relationship

24   between LeBarron's amended initial claim and Interstate's counterclaim.  To defend against

25   the retaliation claim, Interstate will have to show it had "a good faith basis for filing" it.

26   _____

27         [1] Interstate does not dispute LeBarron's contention that the court lacks independent
     subject matter jurisdiction over its counterclaim as there is no diversity of citizenship and the
28   amount in controversy does not exceed $75,000.  (*See* ECF No. 75).  It asserts only that its
     counterclaim is compulsory.  (*Id.*).

**James C. Mahan**
**U.S. District Judge**

(ECF No. 75 at 4 (citing *Grimsley v. Charles River Laboratories, Inc.*, 467 Fed. Appx. 736, at *2 (9th Cir. 2012)).

LeBarron does not address this incongruity or Interstate's after-acquired evidence argument in his reply.  (*See* ECF No. 76).  Instead, he points to the testimony of Interstate's 30(b)(6) deponent Clay Baillie.  (*Id.* at 23).  Baillie purportedly "conced[es] that the parties' respective claims concern a whole different set of facts."  (*Id.* (citing ECF No. 75-1 at 25)).  But when viewed in its full context, the deposition testimony merely suggests that Interstate's upper management did not know about LeBarron's alleged theft when the company terminated him.  (ECF No. 75-1 at 25).  LeBarron's characterization of the testimony is unpersuasive.

IV.   **CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that LeBarron's motion to dismiss (ECF No. 69) be, and the same hereby is, DENIED.

DATED March 26, 2021.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -