UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUSSELL LEBARRON,<br><br>             Plaintiff(s),<br><br>     v.<br><br>INTERSTATE GROUP, LLC,<br><br>             Defendant(s). | Case No. 2:19-CV-1739 JCM (DJA)<br><br>ORDER |

Presently before the court is the matter of *LeBarron v. Interstate Group, LLC*, Case No. 2:19-cv-01739-JCM-DJA.

This case originally arose out of plaintiff Russell LeBarron's ("LeBarron") alleged violations of the Americans with Disabilities Act ("ADA"), Employee Retirement Income Security Act ("ERISA"), and state law tort claims. (*See* ECF No. 58, Second Amended Complaint). The ERISA and state law claims have since been dismissed (*see* ECF No. 90), and defendant Interstate Group, LLC ("Interstate") filed a counterclaim for conversion and civil theft. (*See* ECF No. 63, Second Amended Countercomplaint).

On July 7, 2022, Interstate made a Rule 68 offer of judgment to LeBarron (*see* ECF No. 119-1), to which LeBarron accepted and subsequently filed a notice of acceptance with the court on July 21, 2022 (ECF No. 119).

Shortly thereafter—and before the clerk could enter judgment pursuant to Rule 68(a)—Interstate filed a notice with the court clarifying that its Rule 68 offer of judgment pertained only to the remaining ADA claims against Interstate and not to Interstate's counterclaim of conversion and civil theft. (ECF No. 121). The court agrees.

**James C. Mahan**
**U.S. District Judge**

Federal Rule of Civil Procedure 68 provides that "[a]t least 14 days before the date set for trial, a **party *defending* against a claim** may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." (emphasis added). The Supreme Court has further clarified that "it is clear that [Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

Thus, the court reads defendant Interstate's offer of judgment[1]—and plaintiff LeBarron's acceptance—to relate to the remaining ADA claims against defendant Interstate, and not to any of Interstate's claims as a counterclaimant since it is not defending, but instead asserting, the counterclaim against LeBarron.

Thus, at present, the only remaining issue left for trial is Interstate's counterclaim of conversion and civil theft against LeBarron. LeBarron would need to make a Rule 68 offer of judgment for the remaining counterclaim—or otherwise settle—in order to close this case completely.

Accordingly, pursuant to Federal Rule of Civil Procedure 68(a), the clerk of the court SHALL ENTER JUDGMENT for plaintiff LeBarron against defendant Interstate for the two remaining claims in the second amended complaint—*i.e.*, the first and second causes of action relating to the ADA. For clarity, the counterclaim (ECF No. 63) remains to be tried, and thus the clerk shall not close this case yet.

IT IS SO ORDERED.

DATED August 3, 2022.

UNITED STATES DISTRICT JUDGE

---

[1] Interstate offered "to allow judgment in the amount of $10,000.00 plus the costs then accrued as of July 7, 2022, to be entered against it." (ECF No. 119-1 at 2).

**James C. Mahan**
**U.S. District Judge**

- 2 -