UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUSSELL LEBARRON, | Case No. 2:19-CV-1739 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| INTERSTATE GROUP, LLC, | |
| Defendant(s). | |

Presently before the court is plaintiff Russell LeBarron's motion for attorney's fees. (ECF No. 130). Defendant and counterclaimant Interstate Group, LLC ("Interstate") filed a response (ECF No. 136), to which plaintiff replied (ECF No. 140). The court GRANTS plaintiff's request for fees in part but orders supplemental briefing on the reasonable fee amount.

**I.   Background**

This case involves employment disputes. In 2019, plaintiff filed his complaint against Interstate alleging discrimination under the Americans with Disabilities Act ("ADA"), ADA retaliation, violations of the Employee Retirement Income Security Act ("ERISA"), and negligent hiring. (ECF No. 1). Interstate counterclaimed for conversion and civil theft under state law. (ECF 9).

The court eventually granted summary judgment in favor of Interstate as to the ERISA and negligent hiring claims, leaving plaintiff's ADA claims intact. (ECF No. 90). Plaintiff then accepted Interstate's Rule 68 offer of judgment[1] as to his ADA claims, leaving only Interstate's

---

[1] "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting

**James C. Mahan**
**U.S. District Judge**

counterclaim. (ECF No. 125). The court dismissed Interstate's counterclaim, declining to exercise supplemental jurisdiction. (ECF No. 129). With no claims remaining before the court, plaintiff filed his motion for attorney's fees—the subject of this order.

**II.   Legal Standard**

Under the "American rule," litigants must generally pay their own attorney's fees unless there is a contract or statute authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). The ADA has such a fee-shifting statute, providing that "[i]n any action…commenced pursuant to this chapter, the court…in its discretion, may allow the prevailing party…a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The district court's discretion is limited, however, and a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008) (citations omitted).

The policy behind the ADA's fee-shifting provision is to "ensure effective access to the judicial process" by removing the burden of attorney's fees on "aggrieved parties." *Id.* at 1130–31 (first quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); then quoting *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (per curiam)). Consequently, special circumstances are the exception, rather than the rule, and prevailing plaintiffs should generally recover their attorney's fees. *Id.*

**III.   Discussion**

    A.   <u>Whether plaintiff is the prevailing party under the ADA</u>

The primary disagreement between the parties as to plaintiff's entitlement to attorney's fees is whether accepting a Rule 68 offer of judgment makes him the "prevailing party" under the ADA. (ECF No. 130 at 7; ECF No. 136 at 4–5). Interstate incorrectly argues that plaintiff is not the prevailing party because he accepted judgment on only one of his ADA claims, and because he did not receive wages as part of the judgment. (ECF No. 136, at 5–7). To the contrary, Interstate offered judgment as to all claims against it, which—at the time—were plaintiff's two remaining ADA claims. (ECF No. 119).

the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Fed. R. Civ. Pro. 68(a).

James C. Mahan
U.S. District Judge

- 2 -

The Supreme Court has explained that a plaintiff is the "prevailing party" for attorney's fees purposes when the parties' legal relationship is materially altered "by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). This occurs when "the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant" in *any* amount, "whether compensatory or nominal." *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (quoting *Farrar*, 506 U.S. at 113).

The Ninth Circuit has consistently held that a plaintiff is thus the prevailing party when he enters into a legally enforceable settlement agreement against the defendant. *See, e.g.*, *id.*; *Jankey*, 547 F.3d at 1130; *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002). Once accepted, a Rule 68 offer becomes a settlement agreement. *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995); *see also Delta Air Lines, Inc. v. Aug.*, 450 U.S. 346, 363 (1981) (Powell, J., concurring) ("[A] Rule 68 offer of judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party."). Here, plaintiff is the prevailing party under 42 U.S.C. § 12205 as to his ADA claims because he accepted a Rule 68 offer (which functions as a settlement agreement) from Interstate.

B.  <u>Whether plaintiff is entitled to some amount of attorney's fees</u>

Having decided that plaintiff is the prevailing party as to his ADA claims, the court now addresses whether he waived his right to attorney's fees under 42 U.S.C. § 12205 by accepting the terms of Interstate's Rule 68 offer. Interstate makes two arguments against plaintiff's request for fees, both of which misinterpret the law. The court addresses each in turn.

Interstate's first argument relies on *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.* and *Webb v. James* for the proposition that Rule 68 allows only cost awards. Because 42 U.S.C. § 12205 does not define costs to include attorney's fees, plaintiff is not entitled to fees.

Attorney's fees cannot be awarded based *solely* on an accepted offer under Rule 68 unless the underlying statute defines costs to include attorney's fees. *Webb*, 147 F.3d 617, 622–23 (7th Cir. 2001). But if the underlying statute awards attorney's fees to the prevailing party, independent of costs, a party does not waive the right to such fees simply by accepting a Rule 68

offer. *Id.* In such a circumstance, the plaintiff's entitlement to fees derives from the underlying statute, not Rule 68. *Id.*

Interstate's reliance on *Sea Coast Foods, Inc.* is similarly misplaced. 260 F.3d 1054 (9th Cir. 2001). The Ninth Circuit explains that even though the Rule itself does not provide for attorney's fees, attorney's fees "are not automatically precluded." *Id.* Whether attorney's fees are awarded depends upon the language of the *offer* and the existence of an underlying fee-shifting statute. *Id.* Plaintiff is therefore not automatically precluded from attorney's fees simply because he accepted a Rule 68 offer.

Interstate's second argument is that Rule 68 does not require defendants to affirmatively disclaim statutory attorney's fees, claiming that "[t]here is no requirement in FRCP 68 to detail what is *not* offered." (ECF No. 136 at 5). Interstate argues that because the terms of its Rule 68 offer are silent as to attorney's fees and include only costs, the plaintiff is not entitled to attorney's fees. (*Id.* at 6). Interstate is incorrect.

While Title 42 attorney's fees may be waived by the prevailing plaintiff as part of the settlement process, the defendant bears the burden of showing that the plaintiff did so clearly. *Muckleshoot Tribe v. Puget Sound Power & Light Co.*, 875 F.2d 695, 697 (9th Cir. 1989). "[A]ny waiver or limitation of attorney's fees in settlements of [civil rights] cases must be clear and unambiguous." *Erdman v. Cochise County*, 926 F.2d 877, 880 (9th Cir. 1991).

Waiver cannot be presumed from silence, but a defendant may go beyond the four corners of "the settlement instrument itself to prove that both parties intended the agreement to waive attorney's fees." *Id.* The Ninth Circuit has further held that Rule 68 offers are settlement contracts governed by principles of contract construction. *Miller v. Portland*, 868 F.3d 846, 851 (9th Cir. 2017). As such, "any ambiguities are construed against the drafter." *Id.* (citations omitted).

The Rule 68 offer in this case was drafted by Interstate and reads in its entirety, "Pursuant to FRCP 68, [d]efendant offers to allow judgment in the amount of $10,000.00 plus the costs then accrued as of July 7, 2022, to be entered against it. If the offer is not accepted, FRCP 68(d)

will apply." (ECF No. 119-1). Plaintiff filed his notice of acceptance with the court shortly after Interstate served its Rule 68 offer, stating in part:

> "Plaintiff/Counter-Defendant Lebarron accepts this offer as a prevailing plaintiff and will seek all available relief as allowed by this Honorable Court. Pursuant to LR 54-1, LR54-14, and the FRCP, prevailing party LeBarron will file and serve his bill of costs and disbursements and motion for fees, respectively, following entry of judgment by the Clerk under FRCP 68(a) and our local rules." (ECF No. 119).

In response, Interstate filed a notice with the court that "[p]laintiff is not the prevailing party and no fees were offered…. Defendant will comply with the accepted offer but no more." (ECF No. 121).

Interstate's Rule 68 offer does not unambiguously waive plaintiff's right to statutory fees as the prevailing party. Interstate drafted and served an offer that was silent as to attorney's fees and did not meet its burden of showing that *both* parties intended to waive fees. Unlike typical settlement situations, this dispute involves an underlying fee-shifting provision. It is therefore incumbent upon Interstate to expressly state in its offer of judgment whether attorney's fees are included. *Tyler v. Meola*, 113 F.R.D. 184, 186 (N.D. Ohio 1986).[2] Because Interstate failed to do so, plaintiff did not waive his right to statutory fees by accepting the terms of the offer.

The parties do not address whether Interstate's "notice" disclaiming fees (ECF No. 121), filed in response to plaintiff's notice of acceptance, operated as a proper rescission of Interstate's Rule 68 offer. However, the Ninth Circuit, in circumstances almost identical to the present case, held that a party making a Rule 68 offer "is bound by the letter of its agreement" and cannot rescind the offer after the opposing party has accepted it. *Erdman*, 926 F.2d at 881.

The defendant in *Erdman* drafted and served an offer that was silent as to attorney's fees,[3] despite the existence of an underlying fee-shifting provision. *Id.* at 878. The plaintiff then

---

[2] This case was cited with approval by the Ninth Circuit. *Erdmam*, 926 at 881.

[3] The offer stated, "The The City of Douglas, pursuant to Rule 68, Federal Rules of Civil Procedure, offers to allow judgment to be taken against the City of Douglas for the sum of

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  promptly filed his notice of acceptance with the court and moved for fees. *Id.* at 879. In
2  response, the defendant filed a "Notice of Unacceptable Acceptance," asking the court to rescind
3  its offer because it had mistakenly failed to specify that fees were included in the total sum of its
4  offer. *Id.* The Ninth Circuit held that the defendant's "drafting error should be construed against
5  it, rather than against the plaintiff," and ordered an award of attorney's fees to the plaintiff in
6  addition to the sum stated in the offer. *Id.* at 879, 881. The same applies here.

7  The present situation is not dissimilar to a typical offer and acceptance between two
8  parties to a contract. Plaintiff accepted Interstate's offer and indicated that he would be pursuing
9  the rights flowing from that acceptance, namely, that he was now a prevailing plaintiff under 42
10 U.S.C. § 12205 and thus entitled to attorney's fees. Interstate's attempt to walk back its offer
11 came too late. The contract was already formed. The court finds that plaintiff is entitled to some
12 amount of fees and costs pursuant to 42 U.S.C. § 12205, in addition to the sum stated in
13 Interstate's Rule 68 offer.

### C. The reasonable fee amount

15 Plaintiff attached four years' worth of billing entries as exhibits to his motion for fees,
16 with almost no analysis. Under Local Rule 54-14(a)(1) and (a)(2), plaintiff must submit a
17 "*reasonable* itemization and description of the work performed" by his attorneys and an
18 "itemization of all costs sought to be charged as part of the fee award" that is not otherwise
19 taxable. (emphasis added). Plaintiff should also provide more than mere conclusory statements
20 for the LR 54-14(a)(3) summaries. If the court is faced with voluminous fee applications, it is
21 "not required to set forth an hour-by-hour analysis of the fee request" and may "make across-the-
22 board percentage cuts" in fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

23 Accordingly, the court ORDERS the parties to submit supplemental briefing on the issue
24 of reasonable fees. Plaintiff should provide the court with an itemized list of the *categories* of
25 work performed by his attorneys, a reasonable description thereof, and the total associated fee

---

SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00) with costs now accrued."
*Erdman*, 926 F.2d at 878.

**James C. Mahan**
**U.S. District Judge**

- 6 -

1 amount for each category, with appropriate citations to his exhibits.[4]  Plaintiff should do the
2 same for all the non-taxable costs that he is seeking.  As plaintiff is only entitled to fees under 42
3 U.S.C. § 12205, and this case involved additional claims and counterclaims, it is incumbent upon
4 him to justify, by citing legal authority, how the fees he seeks are allowable under § 12205.  The
5 parties should also address whether plaintiff should be awarded post-judgment fees and costs.  If
6 Interstate disputes plaintiff's requested fees, "it must set forth the *specific charges* that are
7 disputed and state with *reasonable particularly* the basis" for its dispute and "include affidavits
8 to support any contested fact."  LR 54-14(d) (emphasis added).

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for attorney's fees (ECF No. 130) is GRANTED in part, and the court reserves ruling on the amount of fees and costs pending additional briefing by the parties.

IT IS FURTHER ORDERED that plaintiff shall file his supplemental brief by November 3, 2023, and Interstate shall file any response to plaintiff's supplemental brief by November 17, 2023.

DATED September 13, 2023.

UNITED STATES DISTRICT JUDGE

---

[4] For example, plaintiff should state the number of hours expended by each attorney, in total, for categories of work such as: drafting particular motions, requesting written discovery, taking depositions, etc.  Plaintiff should indicate the specific exhibit and page numbers that support these fee requests.

**James C. Mahan**
**U.S. District Judge**

- 7 -